# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:05-CR-2 |
|---|---|---|
| v. | : | (Judge Conner) |
| JESSE ALLEN BURNEY, | : | |
| Defendant | : | |

## MEMORANDUM

Defendant Jesse Allen Burney pled guilty to one count of conspiring to commit bank robbery in violation of 18 U.S.C. § 371 and one count of brandishing a firearm in furtherance of bank robbery in violation of 18 U.S.C. § 924(c). Burney moves pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction and sentence based on the United States Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). We will deny Burney's motion.

I. **Factual Background & Procedural History**

The government filed a two-count felony information against Burney on January 4, 2005. The information charged Burney with one count of conspiracy to commit bank robbery and armed bank robbery in violation of 18 U.S.C. § 371 (Count 1) and one count of possessing, using, carrying, and brandishing firearms in furtherance of and during and in relation to a crime of violence, specifically, bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count 2). (See Doc. 1 at 1-3). In a plea agreement also filed January 4, 2005, Burney agreed to plead guilty to Count 1, to the extent it charged him with conspiracy to commit bank robbery, and

Count 2, to the extent it charged him with brandishing a firearm in furtherance of the crime of bank robbery. (See Doc. 2 ¶ 1).

Burney appeared before the late Judge William W. Caldwell on January 13, 2005, and pled guilty to Counts 1 and 2 in accordance with his plea agreement. (See Doc. 8). On April 26, 2005, Judge Caldwell sentenced Burney to an aggregate term of 144 months' imprisonment, consisting of a term of 60 months on Count 1 and a mandatory minimum term of 84 months on Count 2, required by statute to be served consecutively to Count 1. (Doc. 20 at 2); see 18 U.S.C. § 924(c)(1)(A)(ii). Judge Caldwell also imposed a three-year term of supervised release on Count 1 and a five-year term on Count 2, to run concurrently. (See Doc. 20 at 3).

Burney was released from prison on May 30, 2014, and began serving his terms of supervised release. (See Doc. 31 at 1; Doc. 33 at 1). Less than a year later, the United States Probation Office filed petitions alleging that Burney had violated numerous conditions of his supervised release and requesting that the court revoke Burney's supervision. (See Docs. 31, 33). The petitions alleged, among other things, that Burney robbed a bank in Maryland on April 27, 2015. (See Doc. 33 at 2). Burney was subsequently charged in the United States District Court for the District of Maryland with armed bank robbery; possessing, using, and carrying a firearm in furtherance of and during and in relation to the armed bank robbery; and possession of a firearm by a convicted felon. See United States v. Burney, No. 1:15-CR-305, Doc. 33 (D. Md. Mar. 3, 2016). Burney pled guilty to the armed bank robbery charge, see id., Doc. 43 ¶ 1 (D. Md. July 1, 2016), and was sentenced on October 17, 2016, to 252 months' imprisonment, see id., Doc. 62 at 2 (D. Md. Oct.

2

17, 2016). On October 26, 2016, Judge Caldwell granted Burney's unopposed motion to dismiss the supervised release revocation petitions on this docket in light of the lengthy sentence imposed in the Maryland case. (See Docs. 38, 39). Burney is currently housed at the Allenwood United States Penitentiary, with a projected release date of August 14, 2033. See *Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (search for BOP Register Number "12690-067") (last visited Apr. 28, 2021).

On July 21, 2019, Burney filed a *pro se* motion to vacate, set aside, or correct his sentence following the United States Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019).[1] We promptly issued this judicial district's standing order appointing counsel to file any Section 2255 motion that may be warranted based on Davis. After reviewing the case, appointed counsel moved to withdraw; in the motion, counsel noted that Burney had been convicted of possessing a firearm in furtherance of bank robbery, and that the Third Circuit Court of Appeals has held that bank robbery is a crime of violence for purposes of Section 924(c). (See Doc. 43 ¶¶ 1, 7, 8). We granted appointed counsel's motion to withdraw and instructed the government to respond to Burney's *pro se* motion as filed. (See Docs. 44, 45). The motion is now fully briefed, (see Docs. 40, 47, 48), and ripe for disposition.

---

[1] In light of Judge Caldwell's passing on May 19, 2019, the case was reassigned to the undersigned judicial officer.

## II. <u>**Legal Standard**</u>

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." <u>Id.</u> § 2255(a); <u>see</u> <u>also</u> 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." <u>United States v. Booth</u>, 432 F.3d 542, 545 (3d Cir. 2005).

## III. <u>**Discussion**</u>

Burney seeks to vacate his Section 924(c) conviction and consecutive, mandatory minimum sentence based on the Supreme Court's decision in <u>United

States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). We conclude that Davis has no impact on Burney's Section 924(c) conviction and sentence.[2]

Section 924(c) establishes enhanced punishments for any person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The length of the mandatory minimum term of imprisonment—which must be served consecutively to the sentence for the underlying crime of violence—depends on whether the defendant uses, carries, or possesses the firearm (five years); brandishes the firearm (seven years); or discharges the firearm (ten years). See id. § 924(c)(1)(A)(i)-(iii). A

---

[2] We assume without deciding that Burney's motion is timely, see 28 U.S.C. § 2255(f)(3), and is not procedurally defaulted, see United States v. Mitchell, 218 F. Supp. 3d 360, 366-68 (M.D. Pa. 2016) (Conner, C.J.) (citing United States v. Bousley, 523 U.S. 614, 622 (1998); United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015)). We also assume, again without deciding, that Burney satisfies Section 2255's "custody" requirement. See 28 U.S.C. § 2255(a). The government argues that both Burney's term of imprisonment and his term of supervised release have expired, so he is not "in custody" on this docket. (See Doc. 47 at 4-5). The government is right that habeas relief is generally unavailable to a defendant whose sentence has "fully expired." See Maleng v. Cook, 490 U.S. 488, 492 (1989) (*per curiam*). But the government is wrong in its claim that Burney's term of supervised release has expired: pursuant to 18 U.S.C. § 3624(e), Burney's concurrent three- and five-year terms of supervised release in this case were paused upon his imprisonment for the Maryland convictions. See 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). And supervised release constitutes "custody" for purposes of Section 2255 jurisdiction. See United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (citing Maleng, 490 U.S. at 491), abrogation on other grounds recognized in United States v. Peppers, 482 F. App'x 702, 704 n.5 (3d Cir. 2012) (nonprecedential). The question is not whether Burney's supervised release term has expired—it clearly has not—but whether he can be said to be "in custody" on this docket at this time, since he is not currently serving a sentence imposed by this court. Because we conclude that Burney's claim fails on its merits, we need not address this nuanced question.

5

felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 924(c)(3)(B). Courts refer to Section 924(c)(3)(A) as the "elements clause" or "force clause" and to Section 924(c)(3)(B) as the "residual clause." See United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017), abrogated on other grounds by Davis, 139 S. Ct. at 2327-33. In Davis, the Supreme Court invalidated the residual clause, holding it was unconstitutionally vague. See Davis, 139 S. Ct. at 2336.

Burney contends that, with the residual clause invalidated, his Section 924(c) conviction cannot stand, because conspiracy to commit bank robbery is not a crime of violence under the surviving elements clause. (See Doc. 40 at 3; Doc. 48 at 22-28, 32-34). Burney's argument confuses the two charges to which he pled guilty. Count 1 charged Burney with *conspiracy* to commit bank robbery in violation of 18 U.S.C. § 371. (Doc. 1 at 1-2). Count 2, however, charged Burney with possessing a firearm in furtherance of *the substantive offense of bank robbery itself*, alleging that Burney "did possess, use, carry, and brandish firearms in furtherance of and during and in relation to a crime of violence for which [he] may be prosecuted in a court of the United States; that is, *bank robbery*." (Id. at 3 (emphasis added)). Burney's plea agreement also reflects this distinction: Burney agreed to plead guilty to Count 1, "a violation of Title 18, United States Code, Section 371, criminal conspiracy to commit

6

bank robbery," and Count 2, "a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), brandishing a firearm in the furtherance of *the crime of bank robbery*." (Doc. 2 ¶ 1 (emphasis added)).

The substantive offense underlying Burney's Section 924(c) conviction is bank robbery, not conspiracy to commit bank robbery. The Third Circuit Court of Appeals has held that federal bank robbery is categorically a crime of violence under the elements clause of Section 924(c). See <u>United States v. Johnson</u>, 899 F.3d 191, 202-04 (3d Cir. 2018); <u>United States v. Wilson</u>, 880 F.3d 80, 84-85 (3d Cir. 2018). Accordingly, <u>Davis</u>'s invalidation of Section 924(c)'s residual clause has no effect on Burney's conviction and sentence under that statute.

## IV. <u>Conclusion</u>

For the reasons set forth herein, we will deny Burney's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, because Burney has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: April 28, 2021